# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 20, 2019

159684

SPERRY L. MEGERIAN, Personal Representative
of the ESTATE OF MARI ZIMMERMAN-
THOMPSON,
        Plaintiff-Appellee,

v

UNITED SERVICES AUTOMOBILE
ASSOCIATION,
        Defendant-Appellant.
_____/

SC: 159684
COA: 336483
Bay CC: 15-003782-CK

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

On order of the Court, the application for leave to appeal the April 18, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I respectfully dissent. Mari Zimmerman-Thompson and Christopher Thompson married in May 2002. They married later in life, and each owned a separate house before and throughout the marriage. Mari's house was located on Stoneham Road (the Stoneham house), while Christopher's was located on Gleaner Road several miles away (the Gleaner house). In July 2015, Christopher was driving a car with Mari as a passenger and he caused a car accident that killed both of them.

Christopher was covered by an automobile insurance policy issued by defendant. The policy provided that defendant would provide additional liability coverage on behalf of Christopher beyond the minimum required by the no-fault act, MCL 500.3101 *et seq.*, but it included the following exclusion:

> We do not provide Liability Coverage . . . for . . . [bodily injury] to a relative who resides primarily in that covered person's household.

Plaintiff, the representative of Mari's estate, sued defendant for liability coverage, alleging that Christopher had been negligent in causing the accident. Because there was no dispute that Mari was a "relative" of Christopher-- the "covered person"-- the issue was whether Mari "reside[d] primarily in [Christopher's] household." The trial court ruled that there was a question of fact concerning this issue, and the Court of Appeals affirmed in a split decision. *Megerian v United Servs Auto Ass'n*, unpublished opinion per curiam of the Court of Appeals, issued April 18, 2019 (Docket No. 336483). For the following alternative reasons, I believe the Court of Appeals erred.

First, as explained by the Court of Appeals dissent, "over the past seven or eight years, Mari spent most of her evenings at the Gleaner house with Christopher. She

seldom left Christopher to stay overnight alone . . . ." *Id*. at 2 (S<small>WARTZLE</small>, J., dissenting in part). Indeed, the Court of Appeals majority itself acknowledged that "Mari apparently spent the majority of her overnights at Gleaner house . . . ." *Id*. at 5 (opinion of the Court). Furthermore, "[w]hen she did stay at the Stoneham house, it was with Christopher . . . ." *Id*. at 2 (S<small>WARTZLE</small>, J., dissenting in part). Because Mari spent a majority of her nights at the Gleaner house with Christopher, I believe that she "primarily" resided in the Gleaner house with Christopher, even if she is deemed also to have resided in the Stoneham house. I respectfully disagree with the Court of Appeals majority in this context that "primary residence requires more than a bare majority of time." *Id*. at 5 (opinion of the Court) (emphasis omitted).

<u>Second</u>, even if Mari resided in both the Gleaner and the Stoneham houses such that it is impossible to conclude as a matter of law that she "primarily" resided in the Gleaner house, the policy refers to residence in a "*household*," not residence in a "*house*." And *Random House Webster's College Dictionary* (1997) defines "household" in relevant part as "the people of a house collectively; a family including any servants." That is, "household" is better understood as describing a unit composed of persons and not a physical location. To illustrate, if Christopher and Mari had spent six months of the year in Michigan and six months in Florida, it would not be understood in common parlance that they had separate households. Rather, it would be understood that they comprise a single household unit of husband and wife that persists notwithstanding any change of locations. Here, even when Mari stayed at the Stoneham house for an extended period of time, typically no longer than two weeks, she stayed there *with* Christopher. There is no evidence that Christopher and Mari ever actually "resided" apart. Accordingly, in my judgment, Mari "reside[d] primarily" in Christopher's "household," regardless of the physical location of Christopher's "household."

For these reasons, I believe there is no genuine issue of material fact concerning whether Mari "reside[d] primarily in [Christopher's] household" for purposes of the policy exclusion. As a result, I would reverse the judgment of the Court of Appeals and remand to the trial court for entry of summary disposition in favor of defendant.

Z<small>AHRA</small>, J., joins the statement of M<small>ARKMAN</small>, J.

C<small>AVANAGH</small>, J., not participating due to her prior relationship with Garan Lucow Miller, P.C.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 20, 2019



Clerk

a1217